UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN JAVIER MORAN CHINCHILLA, | No.  1:26-cv-01693-DAD-SCR |
| Petitioner, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND GRANTING MOTION TO APPOINT COUNSEL |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, | |
| Respondent. | (Doc. No. 4) |

This matter is before the court on federal immigration detainee petitioner Lenin Javier Moran Chinchilla's motion for temporary restraining order, filed on his behalf by Alejandro Alberto Lepage who is purporting to act under "next friend" status in a *pro se* capacity.  (Doc. No. 4.)  Mr. Lepage has also filed a motion to appoint counsel on petitioner's behalf.  (Doc. No. 3.)  For the reasons below, the court will grant petitioner's motion to appoint counsel and will deny petitioner's motion for temporary restraining order.

"[N]ext friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (internal quotation marks omitted).  "Most important for present purposes, next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.  . . .  First, a next friend must provide an adequate

1

explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a next friend must have some significant relationship with the real party in interest." *Id.* at 163 (internal quotation marks and citations omitted).

However, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Accordingly, other judges in this district have concluded that, though the federal habeas corpus statute permits someone acting in "next friend" status to file a habeas action on behalf of another, the "next friend" cannot proceed *pro se*.  *See Tarasov v. Facility Dir., Mesa Verde ICE Processing Facility*, No. 1:26-cv-00450-JLT-EPG (HC), 2026 WL 181554, at *1–2 (E.D. Cal. Jan. 23, 2026) (finding that the petitioner's purported "next friend" could not proceed *pro se*); *Soza v. Warden of Cal. City Det. Facility*, No. 1:26-cv-00737-KES-SAB (HC), 2026 WL 237716, at *1–2 (E.D. Cal. Jan. 29, 2026) (same).  Therefore, the court must deny petitioner's motion for temporary restraining order because it has been improperly filed.

Title 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel for petitioners seeking relief under 28 U.S.C. § 2241 who are financially eligible if "the interests of justice so require[.]"  18 U.S.C. § 3006A(a)(2)(B).  To determine whether appointment is appropriate, the court must "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Here, petitioner has alleged that he was detained on January 19, 2026 and has not received a bond hearing.  (Doc. No. 1 at 1–2.)  In this regard, the court observes that petitioner may be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  *See Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996, at *2 (E.D. Cal. Jan. 9, 2026) (ordering the respondents to provide the petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) on the grounds that he is a member of the Bond Eligible

2

Class).  Therefore, the court finds that the interests of justice would be served by the appointment of counsel in light of the difficulties that Mr. Lepage has attested to regarding petitioner's access to the federal courts.  (Doc. No. 1 at 4.)

For the reasons above,

1.    Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED without prejudice to its refiling;

2.    Petitioner's motion for appointment of counsel (Doc. No. 3) is GRANTED as follows:

a.    The matter is hereby REFERRED to the Federal Public Defender's Office to determine if petitioner is financially eligible for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), and if so to identify counsel for petitioner;

b.    The Clerk of the Court shall serve a copy of this order and the petition for writ of habeas corpus on the Federal Defender, Attention:  Habeas Appointment; and

c.    Within seven (7) days of the date of service of this order, a notice shall be filed with the Court by the Federal Public Defender's Office regarding whether petitioner is financially eligible for appointment of counsel and, if so, identifying counsel to be appointed at petitioner's behalf.

IT IS SO ORDERED.

Dated:    **March 5, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3